IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CP #1109, LLC, and
MARTIN E. O'BOYLE,

              Plaintiffs,

v.                                      CIVIL ACTION NO. 5:19-cv-00501

CONTINENTAL MOTORS, INC., and
CONTINENTAL MOTORS SERVICES, INC.,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to Dismiss Plaintiffs' Complaint* (Document 5), the *Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint* (Document 6), and the *Plaintiffs' Memorandum in Response to Defendants' Motion to Dismiss Plaintiffs' Complaint* (Document 11).[1] The Court has also reviewed the *Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery and/or Discovery Pursuant to Fed. R. Civ. P. 56(f)* (Document 12) and the *Memorandum in Support of Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery and/or Discovery Pursuant to Fed. R. Civ. P. 56(f)* (Document 13). For the reasons stated herein, the Court finds that the motion to dismiss should be granted, and further discovery is unnecessary.

---

1 The deadline for the filing of a reply brief has not yet expired. Because additional briefing by the Defendant is unnecessary to the Court's resolution of this matter, the Court finds that no party is prejudiced by the issuance of this opinion prior to the expiration of the briefing deadline.

The Plaintiffs brought this action in the Circuit Court of Raleigh County, West Virginia, on March 13, 2019, and the Defendants removed it to this Court on July 8, 2019. Plaintiffs allege that the Defendants used faulty parts to repair the engine of an aircraft belonging to the Plaintiffs. They allege that the Defendants violated the West Virginia Consumer Credit and Protection Act.

The Plaintiffs previously brought an action in the Circuit Court of Raleigh County, West Virginia, on March 23, 2017, against the same Defendants, alleging essentially the same claim. That action was likewise removed to this Court. (*See* Civ. Action No. 5:17-cv-3036.) The Court entered an order granting a motion to dismiss for lack of personal jurisdiction on March 13, 2018. The Fourth Circuit affirmed the dismissal.

The Defendants argue that "this Complaint must be dismissed on the ground of collateral estoppel, as well as. . . [the] lack of personal jurisdiction." (Def.s' Mem. at 2.) They note similar litigation related to the same airplane engine that the Plaintiffs have initiated in New Jersey and Florida. The Plaintiffs argue that, because a dismissal for lack of personal jurisdiction is without prejudice, they are entitled under West Virginia law to re-file their suit.

The Plaintiffs rely on West Virginia Code § 55-2-18, which provides that "for a period of one year from the date of an order dismissing an action or reversing a judgment, a party may refile the action if the initial pleading was timely filed and…the action was involuntarily dismissed for any reason not based upon the merits of the action." The West Virginia Supreme Court has held that § 55-2-18 extends the statute of limitations, but "does not abrogate the doctrine of res judicata." Syl. Pt. 2, *Litten v. Peer*, 197 S.E.2d 322, 323 (W. Va. 1973).

In West Virginia

> Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the

2

> action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. Pt. 1, *State v. Miller*, 459 S.E. 2d 114, 117 (W.Va. 1995). Although the previous case was not dismissed "on the merits," the specific claim at issue here—personal jurisdiction over these Defendants—was decided on the merits. The Plaintiffs' position would permit parties to relitigate jurisdictional issues ad infinitum. The Court declines the opportunity to adopt an interpretation that precludes final resolution of questions of jurisdiction and renders a prior determination meaningless.

The Fourth Circuit has found that "a jurisdictional dismissal that does not constitute a judgment on the merits so as to completely bar further transactionally-related claims still operates to bar relitigation of issues actually decided by that former judgment." *Goldsmith v. Mayor & City Council of Baltimore*, 987 F.2d 1064, 1069 (4th Cir. 1993). "Collateral estoppel precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." *In re McNallen*, 62 F.3d 619, 624 (4th Cir. 1995).

The Court finds that each element of collateral estoppel is satisfied in this case. The Court previously granted a fully briefed motion to dismiss for lack of personal jurisdiction in an essentially identical case between the same parties. The Plaintiffs' efforts to introduce additional facts, which were available at the time of the previous suit, does not negate the identity of the issue presented or the finality of the previous judgment.[2] This Court and the Fourth Circuit concluded

---

2 The additional facts pled by the Plaintiffs would not alter the Court's determination that the Defendants did not

that the Plaintiffs had a full and fair opportunity to litigate the issue, and any failure to present all relevant facts during the initial proceeding does not open the door to a second round of litigation on the same issue. A dismissal without prejudice for lack of jurisdiction permits a plaintiff to bring the underlying claim in an appropriate jurisdiction. It does not permit the plaintiff to continue bringing the same facts to the same court in hopes of a different result. Accordingly, the motion to dismiss for lack of personal jurisdiction and based on collateral estoppel will be granted.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion to Dismiss Plaintiffs' Complaint* (Document 5) be **GRANTED** and that the *Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery and/or Discovery Pursuant to Fed. R. Civ. P. 56(f)* (Document 12) be **DENIED**. The Court further **ORDERS** that this action be **DISMISSED** without prejudice and **STRICKEN** from the docket.

The Court further finds that the Plaintiffs' justification for re-filing this case was frivolous, and the filing of multiple lawsuits in several jurisdictions related to the same core set of facts may be indicative of an intent to harass the Defendants and/or abuse the processes of the legal system. Accordingly, the Court is considering the imposition of sanctions. Should the Defendants wish to seek sanctions, the Court **ORDERS** that they file a motion, including an accounting of their costs and expenses incurred in responding to this action, no later than **August 30, 2019**. Any response from the Plaintiffs shall be filed within **SEVEN (7) days** after the filing of such a motion.

---

purposefully avail themselves of access to business in West Virginia sufficient to support specific jurisdiction. Their contacts with West Virginia in this case were limited to accepting the airplane engine for repair in their New York facility and associated contacts for communications, billing, and warranty information related to the engine repair. The Defendants did not advertise or seek business in West Virginia. They simply accepted a repair job for an airplane based in West Virginia.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 20, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA